IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


CARLO ALIOTO,

                Petitioner,         Civil No. 09-949-SU


                v.                    FINDINGS AND
                                        RECOMMENDATION
DON MILLS,

                Respondent.


SULLIVAN, Magistrate Judge.

      Petitioner is in the custody of the Oregon Department of
Corrections pursuant to a Judgment, dated June 10, 2004, from
Marion County Circuit Court, after convictions on four counts
of Sexual Abuse in the First Degree.  Exhibit 101.  Following

1 - FINDINGS AND RECOMMENDATION

a guilty plea, the court sentenced petitioner to a total of 180 months imprisonment and a 45 month term of post prison supervision ("PPS").    Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Exhibits 106 - 109.

Petitioner filed a petition for post-conviction relief, but the Umatilla County Circuit Court denied relief.  Exhibit 118.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Exhibits 119 - 124.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. sec. 2254 alleging three grounds for relief as follows:

> **GROUND ONE:**  Trial attorney failed to meet the constitutional standard for effective legal representation.
> (a) Supporting facts:  Before the court accepted the Plea Agreement, trial attorney did not inform the defendant that an additional term of Post Prison Supervision (PPS) would be added to his sentence.  Trial attorney testified to the Post Conviction Court that he explained the (PPS) term as indicated in the Pre Sentence Investigation Report (PSI), therefore, defendant did not learn of a (PPS) term until the (PSI report was prepared and presented to the court for sentencing purposes. The (PPS) term is to be explained to defendant before the Plea Agreement Hearing takes place.  In

present case, the (PPS) term was explained to
defendant after the Plea Agreement Hearing,
therefore, defendant did not enter into the Plea
Agreement voluntarily and intelligently.
Petition (#2) p. 6 - 10.

**GROUND TWO:** Trial Attorney failed to meet the
constitutional standard for effective legal
representation.
(a) Supporting facts: Before the court accepted
the Plea Agreement, trial attorney did not explain
that the sentence to be imposed would be a
Mandatory Minimum sentence and would be served day
for day with no alternative incarceration nor any
good time credit allowed. (Measure 11)
Therefore,, defendant did not enter into the Plea
Agreement voluntarily and intelligently.

**Ground Three:** State recommended a sentence that
was greater than what was stipulated in the Plea
Agreement:
(a) Supporting facts: Plea Agreement stipulated
that the State would not recommend a sentence that
was greater (cap) than 180 months. At sentencing,
the State recommended the 180 months plus 45 months
of Post Prison Supervision on 4 counts. The Plea
Agreement plainly stipulated that the state would
cap their recommendation at 180 months, therefore,
by adding a (PPS) term, they exceeded the
recommendation.

Petition (#2) p. 6 - 10.

Respondents moves to deny petitioner's claims on the

ground that petitioner's claims "were either procedurally

defaulted or were correctly denied in a decision that is

entitled to deference under 28 U.S.C. sec. 2254(d) and

(e)(1)." Response (#10), p. 1.

3 - FINDINGS AND RECOMMENDATION

Grounds One and Two:    In Grounds One and Two, petitioner
alleges claims for ineffective assistance of counsel.  The PCR
court denied relief on the ineffective assistance of counsel
claims that were presented to it. Respondent argues that the
state court legal conclusions are entitled to deference under
28 U.S.C. 2254(d) because they do not run afoul of Strickland
v. Washington, 466 U.S. 668 (1894), and that the factual
findings are entitled to deference under 2254(e)(1) because
petitioner has not produced clear and convincing evidence to
overcome them. Response to Petition (#10), p. 10.

        The Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA) circumscribes a federal habeas review of a state court
decision. See, Williams v. Taylor, 529 U.S. 362, 404 (2000).
In passing the AEDPA, Congress intended to change the habeas
corpus field by curbing delays, preventing "retrials" on
federal habeas corpus review, and giving effect to state
convictions to the extent permissible under the law. Id.

        Thus, "a determination of a factual issue made by a state
court is presumed correct "unless the petitioner rebuts "the
presumption of correctness by clear and convincing evidence."
28 U.S.C. § 2254(e)(1); See also, Miller-el v. Cockrell, 537

U.S. 322, 340 (2003).  In addition, habeas relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

In addressing the deference requirements set forth in 28 U.S.C. § 2244(d), the court in Williams v Taylor noted that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings.  Williams v Taylor, supra at 404.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially distinguishable from a decision of this Court and nevertheless arrives at a result different from our

precedent.'" <u>Andrade</u>, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous.  The state court's application of the clearly established law must be objectively unreasonable." <u>Andrade</u>, 538 U.S. at 75.

The <u>Andrade</u> court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error."  "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous.  We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather that application must be objectively unreasonable."
<u>Andrade</u>, 538 U.S. at 75-76.

Thus, even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding.  This is true even if the state courts do not fully articulate their reasoning.  <u>Delgado v. Lewis</u>, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Thus, the AEDPA sets forth a "highly deferential standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam) (quoting <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n.7 (1997).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391.  Under <u>Williams</u>, a petitioner

may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components.  First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense.  Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness.  Strickland, supra at 688.  The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., at 694.  A "reasonable probability" is one that is sufficient to undermine confidence in the outcome."  Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate

that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti,

537 U.S. 19, 25 (2002) (*per curiam*).

In Ground One petitioner alleges that his trial counsel was ineffective for not advising him that his sentence would include a term of post-prison supervision ("PPS"). Petitioner raised this claim as his First Claim for Relief (2) in his Formal Petition for Post Conviction Relief.  Exhibit 111, p. 3.

In denying relief on this claim, the PCR court found:

> "C), a sentence to the penitentiary without a term of post prison supervision is an illegal sentence.
>
> D), The court believes that the defense attorney discussed  post prison supervision at least as part of the discussion on the psi recommendation.  It is obviously in the psi recommendation.
>
> All of the parties are experienced in criminal law. And the court does not believe that they agreed to an illegal sentence, which gives credence to the defense attorney's testimony that post prison supervision was discussed.
>
> And F), (sic) although petitioner has filed post sentencing matters, he has never expressed any surprise that he received post-prison supervision. It lends credibility to the testimony that the petitioner knew.

Exhibit 117, p. 31-32.

The PCR court findings are supported by trial counsel's testimony that it was his practice to review post supervision with his clients and that he "would assume and believe that

[he] reviewed those with him." Exhibit 117, p. 11. He also testified that at no time after pleading guilty did petitioner express any surprise, confusion or concern to him about the term of post prison supervision. Id.

Petitioner's argument that the PCR court finding that his attorney discussed the PPS term with him "at least as part of the discussion on the PSI recommendation" should be interpreted as indicating that his attorney did not inform him of the PPS until after he plead guilty is not convincing. That finding clearly related to the credibility of petitioner's claim that he did not learn of the PPS term until after he got to prison.  Exhibit 112, p. 11.  Petitioner's strained interpretation does not constitute clear and convincing evidence to rebut the PCR court's other findings or his trial counsel's testimony.

Petitioner's claim fails for the additional reason that he has not demonstrated that he was prejudiced by any error by trial counsel.  As noted above, to prove prejudice in the context of a guilty plea, petitioner must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

to trial. <u>Hill v. Lockhard</u>, 747 U.S. 52, 58-59 (1985).

The record reflects that petitioner entered into the plea agreement because he did not want his granddaughter (victim) to have to testify. Exhibit 117, p. 10-11.  In addition, by pleading guilty to four of six counts of sexual abuse, petitioner received a sentence of 180 months, far less than the 450 month maximum he could have received if he had risked going to trial.  Moreover, petitioner has never provided any explanation of why he would have considered 45 months of PPS a deal-breaker or offered any credible evidence to support his claim that he would have insisted on going to trial if he had known about the PPS term.

In Ground Two, petitioner alleges that trial counsel was ineffective in failing to advise him that he would be sentenced under Ballot Measure 11, which requires a mandatory minimum sentence with no alternative incarceration or good time credit allowed.  This claim is similar to the claim petitioner raised as his First Claim for Relief (1) in his Formal Petition for Post Conviction Relief.  Exhibit 111, p. 3.

In denying relief on this claim, the PCR court found:

A), the court finds credible - the attorney
discussed with petitioner that he would serve the
entire term of Measure 11 sentence.

Exhibit 117, p. 31.

The PCR court's finding that trial counsel discussed the consequences of the Measure 11 sentence is supported by the record. Trial counsel testified at the PCR hearing that he remembered discussing Ballot Measure 11 with petitioner and the fact that he would serve his sentence pursuant to Ballot Measure 11. Exhibit 117, p. 10. He also noted that the plea petition stated in bold type that the sentence was pursuant to Ballot Measure 11. Id., see Exhibit 103 at 1. Counsel further explained to petitioner that under Ballot Measure 11 he would have to serve every day of his sentence and would not get any good time credit. Id. at p. 14.

In addition, as discussed above, petitioner "wanted to take a deal" to "save the victim from testifying." Exhibit 117, p. 10. He also avoided exposure to a much longer sentence by doing so. Therefore he has failed to demonstrate the prejudice prong of the Strickland standard by establishing a reasonable probability that but for his counsel's errors he would not have pleaded guilty and insisted on going to trial.

Ground Three:    In Ground Three petitioner alleges that the
State recommended a sentence that is longer than that
stipulated to in the plea agreement. Petitioner argues that
the State "(b)reached the plea agreement."[1] Motion in Support
(#19) p. 3; Supplement to Memorandum (#22) p. 1-2.

A state prisoner must exhaust all available state
remedies either on direct appeal or through collateral
proceedings (e.g. state post-conviction relief) before a
federal court may consider federal habeas corpus relief. 28
U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842
(1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring
dismissal of federal petition unless all available state
remedies as to all federal claims are exhausted]. The essence
of the requirement is that no state remedy exists at the time
the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982).
A prisoner satisfies the exhaustion requirement by "fairly
presenting" his claims to the highest state court with
jurisdiction to consider them, thereby affording the state

---

[1]Petitioner also alleges that his "(t)rial counsel was
ineffective for not objecting to the state's recommendation."
Motion in Support (#19) p. 3. However, petitioner's arguments
clearly indicate that petitioner's Ground Three is a "breach of
plea agreement" (prosecutorial misconduct) claim.

courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).  In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court.  Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based.  Id.,  Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief.  Gray v. Netherland, 518 U.S. 152, 162-63 (1996);  Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  State appellate courts are "not required to comb the trial court's decision to discover" the federal issue.  Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims

in a procedural context in which their merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); <u>see also</u>, <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. <u>Coleman v Thompson</u>, <u>supra</u>; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, <u>O'Sullivan</u>, 526 U.S. at 848.

If a claim is procedurally defaulted in state court, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual

prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

Petitioner did not raise a breached plea agreement (prosecutorial misconduct) claim to the trial court (Exhibit 104 - Transcript of Plea Proceeding) or to the Oregon Court of Appeals (Exhibit 106 p. 4-6). He raised a similar claim for the first time in his (direct appeal) petition for review by the Oregon Supreme Court. Exhibit 107 at p. 11-12.

The Oregon Supreme Court will only allow a petition for review on those questions properly before the court of appeals. ORAP 9.20(2). Because petitioner's breach of plea agreement claim was not raised in the court of appeals, it was not presented to the Oregon Supreme Court in a procedural context in which it would be considered and petitioner did not properly exhaust this claim. Castille v. Peoples, supra.

Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the "fundamental miscarriage of justice" exception to the exhaustion requirement.

Respondent argues that petitioner did not fairly present his breach of contract / prosecutorial misconduct claim in his post conviction proceeding. Response to Petition (#10) p. 6.

However, petitioner alleged in his Formal Petition for Post-Conviction Relief: "The court sentenced Petitioner outside the plea agreement, but did not comply with ORS 135.90(b)." Exhibit 111, p. 4. Petitioner clearly raised the breach of plea agreement claim in his pro se "Post-conviction Petition," Exhibit #110, p. 3, and arguably on appeal of the PCR trial court decision. Exhibit 120, Pro Se Supplemental Appellant's Brief, p. 4.

Assuming *arguendo* that petitioner's breach of plea agreement claim is exhausted, I find that it fails as a factual matter. The record before the court establishes that the prosecutor did not violate the plea agreement by recommending a term of months of post prison supervision. In Oregon the term of post-prison supervision is mandated by law and not negotiable. OAR 213-005-002. The mandatory post-prison supervision for persons convicted of sexual abuse in the First Degree is ten years minus the term of imprisonment. ORS 144.103. Thus, under Oregon law a sentence of 75 months

in prison for sexual abuse in the first degree would require a 45 month sentence of post-prison supervision.

As petitioner's trial counsel explained at PCR, the plea agreement was for a *prison term* "cap" of 180 months. Exhibit 117, p. 10-13. The PCR court found: "All of the parties are experienced in criminal law.  And the court does not believe that they agreed to an illegal sentence, which gives credence to the defense attorney's testimony that post prison supervision was discussed."  Exhibit 117, p. 31.

The PCR court determination that the term of post prison supervision did not breach the plea agreement is entitled to deference under 28 U.S.C. sec. 2254(d)(2)  because petitioner has not established any "clear and convincing evidence to the contrary."  Miller-el v. Cockrell, 537 U.S. 322, 340 (2003).

The record before the court establishes that the parties understood that the recommended 180 month sentence was 180 months in prison and that the state did not violate the agreement in recommending the term of post prison supervision required by Oregon law.

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

/////

/////

/////

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. This cause is not appropriate for appellate review. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 17th day of August, 2010.

<u>s/ Patricia Sullivan</u>
Patricia Sullivan
United States Magistrate Judge