FILED'11 MAR 17 15:28USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CARL ALIOTO,                                                   Civil No. 09-949-SU

        Petitioner,                                          ORDER

   v.

DON MILLS,

        Respondent.

HAGGERTY, District Judge:

    Magistrate Judge Sullivan has issued a Findings and Recommendation [23] in this action. The Magistrate Judge recommended denying petitioner's Petition for Writ of Habeas Corpus [2] and dismissing this action with prejudice. Petitioner, acting *pro se*, timely filed objections. For the following reasons, the Findings and Recommendation is adopted in its entirety.

**STANDARDS**

    When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the Magistrate Judge's report. 28 U.S.C. §

1    - ORDER

636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Petitioner pled guilty to four counts of first degree sexual abuse. He appealed his conviction to the Oregon Court of Appeals and the Oregon Supreme Court, but was unsuccessful. Petitioner then sought post-conviction relief in the Circuit Court for Umatilla County (PCR court). The PCR court denied relief, and the Oregon Court of Appeals affirmed without opinion.

Petitioner now seeks a writ of habeas corpus based on three grounds: (1) his trial counsel was constitutionally ineffective when he failed to inform petitioner that an additional period of Post Prison Supervision (PPS) would be added to his sentence; (2) his trial counsel was constitutionally ineffective when he failed to inform petitioner that his sentence carried a mandatory minimum; and (3) the State recommended a greater sentence than agreed to in the plea. Petitioner's objections primarily echo his original arguments in support of his petition.

For the first two grounds, the Magistrate Judge concluded that petitioner failed to establish either prong of the test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Findings and Recommendation (F&R) at 11, 13. This court agrees. Petitioner's trial counsel testified in the PCR court that he discussed the PPS term and the mandatory minimum sentence for a Ballot Measure 11 crime with petitioner. Resp.'s Ex. 117 at 10-11, 14. Petitioner's counsel testified that petitioner never expressed surprise or concern regarding either term, and never asked to withdraw his plea. *Id.* at 10-11. Although petitioner contends that he would not have pled guilty if he was advised of the additional PPS term and

2    - ORDER

mandatory minimum sentence, the evidence establishes that petitioner decided to plead guilty because he did want his granddaughter (the victim) to testify. Resp. Ex. 117 at 10-11. Petitioner also agreed to a sentence that was "far less than the 450 month maximum he could have received if he had risked going to trial." F&R at 11-12; *see also* Resp.'s Ex. 114 at 9 (stating that petitioner knew he could receive a greater sentence if he went to trial).

In his objections, petitioner reiterates his argument that the PCR court erred when it found that petitioner was notified of the PPS term and the significance of a Ballot Measure 11 sentence before he pled guilty. Petitioner asserts that his change of plea hearing was April 7, 2004, and that the pre-sentence investigation (PSI) report containing information about the PPS term is dated May 26, 2004. Pet.'s Resp. at 5-6. Petitioner asserts that because the PSI was prepared over a month after petitioner entered his plea, his counsel could not have discussed the PPS term in the PSI until after he pled guilty. *Id.* at 6-8. He contends that this evidence should reduce trial counsel's credibility and result in a credibility finding that favors petitioner. *Id.* Petitioner's objection is overruled.

The PCR court determined that petitioner's trial counsel "at least" discussed the PPS term with petitioner at the time he discussed the PSI. Resp.'s Ex. 31. The PCR court made this finding because the PPS term was expressly included in the PSI. *Id.* The PCR court additionally explained that based on the parties' experience with criminal law, the court did not believe that petitioner's counsel and the State would agree to an illegal sentence without a term of PPS. *Id.* Accordingly, the PCR court concluded that petitioner's trial counsel was more credible than petitioner, and that counsel likely explained the PPS term to petitioner before he entered his guilty plea. Although the PSI report was prepared after the plea hearing, petitioner's counsel

3    - ORDER

could have discussed the PPS term before that date. The PSI report does not constitute clear and convincing evidence to negate the PCR court's factual and credibility determinations.

For petitioner's third ground for relief, the Magistrate Judge assumed *arguendo* that it was properly exhausted, but concluded that it failed as a factual matter. F&R at 18. After reviewing this matter *de novo*, this court agrees with the Magistrate Judge's conclusion. In petitioner's plea agreement, the State agreed to "cap its recommendation at 180 months." Resp.'s Ex. 103. At hearings regarding petitioner's plea and sentencing, the State upheld its agreement and notified the court of its 180-month recommendation. Resp.'s Ex. 104 at 2 (plea hearing); Resp.'s Ex. 105 at 4 (sentencing). Petitioner's trial counsel testified that he understood that the 180-month recommendation related to prison time, and that he explained this to petitioner. Resp.'s Ex. 117 at 10, 13. As the Magistrate Judge correctly noted, the PCR court's finding that the State did not breach its plea agreement is entitled to deference. F&R at 18-19. Because petitioner has not established clear and convincing evidence to overturn the PCR court's finding, this court must defer to its conclusion.

## CONCLUSION

The Findings and Recommendation [23] is adopted in its entirety. Petitioner's Petition for Writ of Habeas Corpus [2] is denied and this case is dismissed.

IT IS SO ORDERED.

Dated this 17 day of March, 2011.

                                              Ancer L. Haggerty
                                          United States District Judge

4   - ORDER